| | |
|---|---|
| RED HED OIL, INC., doing business as REDI MART NO. 9, et al. ) ) ) ) Plaintiffs, ) ) v. ) ) THE H.T. HACKNEY CO., et al., ) ) Defendants. ) ) | Civil Case No. 5:17-cv-180-JMH **MEMORANDUM OPINION & ORDER** |

\*\*\*

The H.T. Hackney Company ("Hackney") feels left behind. Hackney, in a move it now regrets, remained on the sidelines as the Court dismissed five other defendants who filed a Joint Motion to Dismiss or Judgment on the Pleadings. [DE 37]. Hackney failed to join that motion. But no matter, because Hackney has now filed this "me too" motion, asking the Court for dismissal based on the reasoning contained in the Court's prior Order. In short, Hackney asks the Court to act as if Hackney joined its co-defendants' motion in the first place.

Hackney will no longer have to live with regret because even if Hackney had joined forces with its co-defendants, Hackney would remain. It cannot tag along for a simple reason: the analysis that applied to the manufacturing defendants does not apply to Hackney. And because Hackney's sole argument is that the Court

should dismiss Hackney based on its prior Order, it cannot be the basis for dismissal. Thus, for the reasons stated herein, Hackney's Motion for Judgment on the Pleadings [DE 40] is **DENIED**.

## I. Facts and Procedural Background

The facts of this case have been laid out in the Court's previous Memorandum Opinion and Order with which all parties are familiar. A brief recitation of the facts will do.

This is a products liability case. Plaintiffs Red Hed Oil, Inc. ("Red Hed") and Federated Mutual Insurance Company ("Federated") claim that defective e-cigarettes sparked a fire at the Redi-Mart No. 9 store in Berea, Kentucky in April 2016. [DE 1-1, p. 9, ¶21]. Red Hed owns the store on which Federated holds a commercial policy, and sells e-cigarettes, among other products. [*Id*. at ¶¶27-28].

Red Hed purchased the e-cigarettes from Hackney, a distributor and supplier of grocery products. [*Id*. at p. 5, ¶4]. If customers did not buy the e-cigarettes before they expired, Hackney would pick the product up from Red Hed. [*Id*. at p. 9, ¶20]. This occurred on bi-weekly basis. [*Id*.]. While awaiting pickup, the e-cigarettes sat in a box in a storage room. [*Id*.]. Hackney originally obtained the e-cigarettes from several manufacturers, which Hackney then supplied to Red Hed. [*Id*., ¶17].

Plaintiffs filed this lawsuit in Madison County Circuit Court in March 2017, alleging breach of warranty, failure to warn, defective manufacture and design, and negligence. [*Id*. at pp. 16-22]. Plaintiffs made claims against the supplier of the e-cigarettes (Hackney) and six e-cigarette manufacturers. One of the "manufacturing defendants," Logic Technology Development LLC ("Logic"), removed the case to federal court in April 2017 under 28 U.S.C. §§ 1441 and 1332. [DE 1-1]. Several other defendants filed answers, but defendant Swisher International, Inc. ("Swisher") filed a Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6) prior to answering. [DE 12]. Logic, along with three other manufacturing defendants, joined Swisher's motion. Manufacturing defendant NJoy did not join the motion as it filed for Chapter 11 bankruptcy, and the Court stayed this matter as to NJoy only. [DE 16]. Thus, five manufacturing defendants submitted the joint motion to dismiss or judgment on the pleadings.

This Court granted the manufacturing defendants' motion in November 2017. [DE 37]. The thrust of the Court's reasoning was that Plaintiffs failed to meet the threshold requirement linking any particular manufacturing defendant to a defective e-cigarette that caused the fire. [*Id*.]. Instead, Plaintiffs sued every manufacturing defendant that could have *conceivably* been

3

responsible for the fire. But Plaintiffs never said whose e-cigarettes were in the store at the time, whose e-cigarette had the defect and what that defect was, or whose defective e-cigarette caused the fire. And because Kentucky has not accepted "alternative liability" and Plaintiffs failed to plead a "concert of action" among defendants, Plaintiffs failed to state a claim against the manufacturing defendants. In short, because Plaintiffs sued six manufacturing defendants when only one could be responsible, Plaintiffs merely pled a "possible" cause of action.

Now Hackney wants the benefit of the Court's Order. So Hackney filed its own Motion for Judgment on the Pleadings [DE 40] making the same argument that the manufacturing defendants previously made. Indeed, Hackney does not expand on the Court's prior ruling, but instead points to it and asks the Court to apply the ruling to Hackney. Plaintiffs have responded [DE 42} to which Hackney replied [DE 43], making the matter ripe for review.

## II. Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is reviewed under the same standard as a motion to dismiss under 12(b)(6). *Coley*, 799 F.3d at 536-37; *see*

4

also *Florida Power Corp. v. FirstEnergy Corp.*, 810 F.3d 996, 999 (6th Cir. 2015).

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. The Court views the complaint in the light most favorable to the plaintiff and must accept as true all well-pleaded factual allegations contained within it. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged." *Id*. The "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must contain either "'direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013)).

**III. Analysis**

The gravamen of Hackney's argument is whether the causation analysis in the prior Order applies to Hackney. A plaintiff must show causation in a products liability case. *Morris v. Wyeth Inc.*, No. 1:07-CV-176-R, 2008 WL 2677046, at *2 (W.D. Ky. June 30, 2008) ("defendant's product must have caused Plaintiff's injury to be liable under Kentucky . . . law."); *see also Vaughn*, 2015 WL 1719672, at *2 ("a plaintiff must prove the existence of a defect, and legal causation.") (internal citations omitted). "The identity of the product that caused a plaintiff's injury is the threshold requirement of a products liability claim." *Morris*, 2008 WL 2677046, at *2. Causation exists as a "threshold requirement of any products-liability claim," and it requires plaintiffs to "assert that the defendant's product" is responsible for the injury. *Smith v. Wyeth, Inc.*, 657 F.3d 420, 423 (6th Cir. 2011). To prove causation in Kentucky the "plaintiff has the burden . . . to establish causation under the substantial factor test — that is, plaintiff must prove that defendant's conduct was a substantial factor in bringing about a plaintiff's harm." *King v. Ford Motor Co.*, 209 F.3d 886, 893 (6th Cir. 2000). Causation is thus a material element in products cases in Kentucky. And at the pleading stage, a complaint must contain facts for "all material elements necessary for recovery." *D'Ambrosio*, 747 F.3d at 383.

This Court ruled that Plaintiffs failed to adequately plead causation because they (1) did not identify which manufacturer had e-cigarettes in the store at the time of the fire, (2) did not identify which manufacturer had defective e-cigarettes, (3) did not identify what defect the e-cigarettes had, and (4) did not explain how the alleged defect from which manufacturer sparked the fire. By naming every *imaginable* culpable party—and doing no more—Plaintiffs did not raise the right to relief beyond the speculative level as to any particular manufacturing defendant.

This, combined with the fact that only one manufacturing defendant's e-cigarette could have possibly been the cause of the fire, meant the Plaintiffs could meet the pleading standard only if (1) Kentucky embraced "alternative liability" which shifts the burden to defendants when only one among several could be responsible or (2) Plaintiffs adequately pleaded a "concert of action" which occurs where multiple defendants act in tandem to bring about a harm. The Court found Kentucky has not embraced alternative liability as a theory of recovery, and that Plaintiffs did not allege that the manufacturing defendants acted together so as to meet the "concert of action" theory. Thus, the Court dismissed the manufacturing defendants because the complaint did not contain facts establishing "all material elements necessary

7

for recovery"—namely, causation—against each manufacturing defendant. *D'Ambrosio*, 747 F.3d at 383.

Here, Hackney's lone argument is that this reasoning in the Court's prior Order should apply equally to it. Hackney cites several portions of the Court's Order and argues that the language "serves as the basis for dismissal of Hackney." [DE 40, p. 5]. For example, the Court wrote that Red Hed failed to "tell us how the fire started, other than to generally state that e-cigarettes cause fires" [DE 37, p. 15] and "[t]he Complaint also fails to adequately plead how the fire started." [*Id*. at p. 18]. Hackney also cites the Court's statement that Red Hed failed "to provide factual allegations that these e-cigarettes did, in fact, cause this fire." [*Id*.]. From these statements, Hackney concludes that "[i]f the Manufacturing Defendants' products did not cause the harm, then the distributor of those products is also relieved from liability." [DE 40, p. 5].

This case serves as a reminder that context is king. Taking the Court's statements in isolation, one might read them as supporting dismissal of Hackney. But when placed in context of the motion before the Court and the larger Memorandum Opinion and Order, the Court's reasoning applies to the manufacturing defendants and not to Hackney.

To see why, first consider the Court's finding that Plaintiffs failed to "adequately plead how the fire started." Viewed in light of the motion before the Court, it becomes clear that the reason Plaintiffs failed to so plead is because they did not link *any particular manufacturing defendant* to the fire. And because Plaintiffs must allege that *defendant's* product harmed them, they were *required* to link defendants with the fire. *Smith v. Wyeth, Inc.*, 657 F.3d 420, 423 (6th Cir. 2011) ("A threshold requirement of any products-liability claim is that the plaintiff assert that the *defendant's product* caused the plaintiff's injury."); *see also D'Ambrosio*, 747 F.3d at 383 (plaintiff must plead "all material elements"). In failing to do so, Plaintiffs did not "adequately plead" the origin of the fire.

The same is true of other portions of the Court's Order that Hackney wishes to use for dismissal. In ruling that Plaintiffs did not "provide factual allegations that these e-cigarettes did, in fact, cause this fire" the Court again was emphasizing Plaintiffs' failure to link any *particular* manufacturing defendant's e-cigarettes to the fire. That is, Plaintiffs did not say that Swisher, Fontem, Logic, Spark, or RJ Reynolds was responsible. Instead, Plaintiffs alleged that *one* of the defendants *must be* responsible, although they could not say which one. Thus, Plaintiffs did not provide allegations that any

specific e-cigarettes caused the fire. Because they did not link it to any certain defendant, Plaintiffs did not plead facts that any *particular* e-cigarettes caused the blaze. And because generally lumping together defendants—without linking the cause of the harm to any defendant—does not satisfy the pleading standard, the Court ruled Plaintiffs did not adequately plead their case. In short, Plaintiffs did not provide factual allegations that defective Swisher e-cigarettes caused the fire. Nor did they provide factual allegations that defective Logic e-cigarettes caused the fire. And the same is true for each manufacturing defendant. So Red Hed did not tell us *which* manufacturing defendant was responsible for sparking the blaze. This failure rendered Plaintiff's complaint inadequate as to the manufacturing defendants. But that pleading defect does not extend to Hackney.

Unlike the manufacturing defendants, Hackney admits it sold "all of the e-cigarettes in question" and were in privity with Red Hed. There is no question that the e-cigarettes—regardless of who manufactured them—were in Hackney's possession at the time of the fire. As such, Plaintiffs have adequately stated that *this defendant* is responsible. And even if the causal connection to Hackney is tenuous, "causal weaknesses will more often be fodder for a summary-judgment motion under Rule 56 than a motion to

dismiss under Rule 12(b)(6)." *Jackson v. Ford Motor Co.*, 842 F.3d 902, 908 (6th Cir. 2016).

In sum, the Court's prior Opinion and Order does not extend as far Hackney would like. And the reasoning contained within it does not require dismissal of Hackney.

## IV. Conclusion

Accordingly, Defendant's Motion for Judgment on the Pleadings [DE 40] is **DENIED**.

This the 18th day of April, 2018.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge