UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| RED HED OIL, INC., doing business as REDI MART NO. 9, et al. | Civil Case No. 5:17-cv-180-JMH |
| Plaintiffs, | **MEMORANDUM ORDER AND OPINION** |
| v. | |
| THE H.T. HACKNEY CO., et al., | |
| Defendants. | |

***

Plaintiffs Red Head Oil, Inc. and Federated Mutual Insurance Company and Defendant The H.T. Hackney Company move the Court for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). [DE 48]. The moving parties have notified the Court that a settlement has been reached and move for dismissal of the claims with prejudice. [*Id.*].

But here, the moving parties have chosen the wrong procedural vehicle to reach their desired destination. Under Sixth Circuit law, Rule 41 permits a plaintiff to voluntarily dismiss only the *entire* controversy, not a portion of the claims. *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961). Additionally, Rule 41(a)(1)(A)(ii) requires "a stipulation of dismissal signed by *all* parties who have appeared." (emphasis added).

1

But because the Court construes filings "by their substantive content and not by their labels," this Court will consider the current Motion under Rule 21. *See Coleman v. Ohio State Univ. Med. Ctr.*, No. 2:11-cv-0049, 2011 WL 3273531, at *3 (S.D. Ohio Aug. 1, 2011). For the reasons stated herein, the moving parties' Motion, when considered under Rule 21, is **GRANTED**.

## I. Procedural History

Red Head and Federated brought this products liability lawsuit in March 2017 in Madison Circuit Court against seven defendants. [DE 1-1]. Defendant Logic Technology Development removed the case to federal court in April 2017 based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1332. [DE 1].

On May 3, 2017, the matter was stayed as to Defendant NJoy, Inc. [DE 16] after NJoy filed a suggestion of Chapter 11 bankruptcy [DE 13]. Subsequently, all claims against Defendants Swisher International, Inc., Logic Technology Development LLC, Spark Industries LLC, R.J. Reynolds Vapor Company, and Fontem Ventures B.V. were dismissed. [DE 37]. Thus, H.T. Hackney and NJoy became the only remaining defendants in this action.

The current stipulation of dismissal is signed by counsel for Red Head Oil, Federated Mutual Insurance, and H.T. Hackney, but is not signed by counsel for NJoy. As a result, the current stipulation of dismissal is not signed by all parties who have appeared in the action.

## II. Analysis

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Rule 41(a)(1) allows dismissal of actions without a court order when a plaintiff files the notice of dismissal either (1) before the opposing party serves an answer or motion for summary judgment or (2) plaintiff presents a dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1).

Under either Rule 41 method, a plaintiff may dismiss only an "action." In *Philip Carey Manufacturing Company v. Taylor*, the Sixth Circuit interpreted "action" to mean "entire controversy." 286 F.2d 782, 785. The Court held that Rule 41 did not allow a court to dismiss claims against some, but not all, defendants in a single case. *Id*.

Recently, this Court issued an opinion explaining the state of the law regarding Rule 41(a) in the Sixth Circuit. *United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462 (E.D. Ky. 2018). Ultimately, while some circuits disagree with the Sixth Circuit's interpretation of Rule 41(a), this Court is bound by Sixth Circuit precedent. *See id.* at 464; *see, e.g.*, *Van Leeuwen v. Bank of Am., N.A.*, 304 F.R.D. 691, 693–94 (D. Utah 2015) (discussing the circuit split and citing cases). Thus, the moving parties here may not dismiss a single defendant under Rule 41.

But the moving parties may seek dismissal of a single defendant under Rule 21. *See Taylor*, 286 F.2d at 785 ("we think that [Rule 21] is the one under which any action to eliminate" a single defendant should be taken); *see also Letherer v. Alger Grp., LLC*, 328 F.3d 262, 266; *Wilkerson v. Brakebill*, No. 3:15-CV-435-TAV-CCS, 2017 WL 401212 (E.D. Tenn. Jan. 30, 2017) ("Rule 21 is the more appropriate rule"); *Columbia Gas Transmission, LLC v. Raven Co., Inc.*, No. 12-CV-72-ART, 2014 WL 12650688, at *1; *Lester v. Wow Car Co., Ltd.*, No. 2:11-cv-850, 2012 WL 1758019, at *2, n.2 (S.D. Ohio May 16, 2012) ("the Sixth Circuit has suggested that dismissal of an individual party, as opposed to an entire action, is properly conducted pursuant to Rule 21, not Rule 41"). *Warfel v. Chase Bank USA, N.A.*, No. 2:11-cv-699, 2012 WL 441135, at *2 (S.D. Ohio Feb. 10, 2012). Thus, the Court construes the current Motion under Rule 21.

"On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The rule applies where "no relief is demanded from one or more of the parties joined as defendants." *Letherer*, 328 F.3d at 267. Under the rule, Courts must consider prejudice to the nonmoving party. *See Wilkerson*, 2017 WL 401212, at *2; *Arnold v. Heyns*, No. 13-14137, 2015 WL 1131767, at *4 (E.D. Mich. Mar. 11, 2015). The inquiry overlaps with Rule 41 standards "as guidance in evaluating potential prejudice to the non-movant." *Wilkerson*, 2017 WL 401212, at *2.

Courts determine whether the nonmoving party would suffer "plain legal prejudice" and consider: (1) defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on plaintiff's part in prosecuting the case; (3) insufficient explanation for the need for dismissal; and (4) whether a motion for summary judgment is pending." *Grover v. Eli Lily & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).

Here, dismissal is proper under Rule 21. The only issue with the motion under Fed. R. Civ. P. 41(a)(1)(A)(ii) is that all parties that have appeared have not signed the voluntary stipulation of dismissal because NJoy has not signed the stipulation. Still, all other parties have agreed to the stipulation of dismissal.

Additionally, NJoy, the only nonmoving party, will not suffer any prejudice because of the dismissal. NJoy has likely spent little time and invested few resources in defending this action considering the pending bankruptcy action and current stay of the claims as to NJoy. Furthermore, there has been no excessive delay on the part of the Plaintiffs. The Plaintiffs have diligently prosecuted this case as evidenced by the settlement of all remaining claims against H.T. Hackney. Finally, the moving parties have provided good reasons for the proposed dismissal and there are no pending motions for summary judgment. As a result,

dismissal of all claims against Defendant H.T. Hackney is proper under Rule 21.

Thus, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) The Court construes Plaintiff's Motion under Rule 41(a)(1)(A)(ii) for Voluntarily Dismissal with Prejudice as to Defendant H.T. Hackney Company [DE 48] as a Motion under Rule 21;

(2) The Motion [DE 48] is **GRANTED**;

(3) All claims against Defendant The H.T. Hackney Company are hereby **DISMISSED WITH PREJUDICE**; and

(4) The stipulation of dismissal [DE 48] does not apply to Defendant NJoy, Inc.

This the 29th day of October, 2018.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge